**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| Phoenix Licensing, L.L.C., an Arizona limited liability company, and LPL Licensing, L.L.C., a Delaware limited liability company; <br><br> Plaintiffs, <br><br> vs. <br><br> ING Bank, fsb, a federally chartered bank; ING Direct Bancorp, a Delaware corporation; ReliaStar Life Insurance Company, a Minnesota corporation; ReliaStar Life Insurance Company of New York, a New York corporation; Security Life of Denver Insurance Company, a Colorado corporation; ShareBuilder Security Corp., a Washington corporation; ShareBuilder Corp., a Washington corporation; TD Bank, N.A., a national banking association; TD Banknorth, Inc., a Delaware corporation; TD Insurance, Inc., a Maine corporation; U.S. Bancorp, a Delaware corporation; U.S. Bank National Association, a national banking association; U.S. Bank National Association ND, a national banking association; U.S. Bancorp Investments, Inc., a Delaware corporation; U.S. Bancorp Insurance Services LLC, a Wisconsin limited liability corporation; U.S. Bancorp Insurance Services of Montana, Inc., a Montana corporation; U.S. Bancorp Insurance and Investments Inc., a Wyoming corporation; SunTrust Banks, Inc., a Georgia corporation; SunTrust Bank, a Georgia corporation; SunTrust Investment Services, Inc., a Georgia corporation; SunTrust Insurance Services, Inc., a Georgia corporation; Compass Bancshares, Inc., a Delaware corporation; Compass Bank, an Alabama corporation; and BBVA Compass Insurance Agency, Inc., a Texas corporation. <br><br> Defendants. | CASE NO. _____ <br><br> **Jury Trial Demanded** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Phoenix Licensing, L.L.C. ("Phoenix") and LPL Licensing, L.L.C. ("LPL") sue ING Direct Bancorp; ReliaStar Life Insurance Company; ReliaStar Life Insurance Company of New York;  Security Life of Denver Insurance Company; ShareBuilder Security Corp.; ShareBuilder Corp.; TD Bank, N.A.; TD Banknorth, Inc.; TD Insurance, Inc.; U.S. Bancorp; U.S. Bank National Association; U.S. Bank National Association ND; U.S. Bancorp Investments, Inc.; U.S. Bancorp Insurance Services LLC; U.S. Bancorp Insurance Services of Montana, Inc.; U.S. Bancorp Insurance and Investments Inc.; SunTrust Banks, Inc.; SunTrust Bank; SunTrust Investment Services, Inc.;  SunTrust Insurance Services, Inc.; Compass Bancshares, Inc.; Compass Bank; and BBVA Compass Insurance Agency, Inc.

**Introduction**

1.    Plaintiff Phoenix owns the invention described and claimed in United States Patent Numbers:

> (a) 5,987,434 entitled "Apparatus and Method for Transacting Marketing and Sales of Financial Products" (the "'434 patent"); and
>
> (b)  6,999,938 entitled "Automated Reply Generation Direct Marketing System" (the "'938 patent");

(collectively the "Patents").  Pursuant to a license agreement dated December 1, 2006, Plaintiff LPL is the exclusive licensee of the Patents.  Defendants (a) have used, and continue to use, Plaintiff Phoenix's patented technology in products and services that they make, use, import, sell, and offer to sell, without Plaintiffs' permission; and (b) have contributed to or induced, and continue to contribute to or induce, others to infringe the Patents.  Plaintiffs seek damages for patent infringement and an injunction preventing Defendants from making, using, selling, or offering to sell, and from contributing to and inducing others to make, use, sell, or offer to sell, the technology claimed by the Patents without Plaintiffs' permission.

**Jurisdiction and Venue**

2.      This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 271 and 281, *et seq.*  The Court has original jurisdiction over this patent infringement action under 28 U.S.C. § 1338(a).

3.      Within this judicial district each of the Defendants has committed acts and continues to commit acts that give rise to this action, including making sales of infringing products and offering for sale infringing products.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and § 1400.

**Plaintiffs Phoenix and LPL**

4.      Phoenix Licensing, L.L.C. is an Arizona limited liability company having a principal place of business in Scottsdale, Arizona.

5.      LPL Licensing, L.L.C. is a Delaware limited liability company having a principal place of business in Scottsdale, Arizona.

**Defendants**

ING

6.      Upon information and belief, ING Bank, fsb is a federally chartered bank with its principal place of business in Wilmington, Delaware.

7.      Upon information and belief, ING Direct Bancorp is a Delaware corporation with its principal place of business in Wilmington, Delaware.

8.      Upon information and belief, ReliaStar Life Insurance Company is a Minnesota corporation with its principal place of business in Minneapolis, Minnesota.

9.      Upon information and belief, ReliaStar Life Insurance Company of New York is a New York corporation with its principal place of business in Minneapolis, Minnesota.

10.     Upon information and belief, Security Life of Denver Insurance Company is a Colorado corporation with its principal place of business in Minneapolis, Minnesota.

11.     Upon information and belief, ShareBuilder Security Corp. is a Washington corporation with its principal place of business in Bellevue, Washington.

12.     Upon information and belief, ShareBuilder Corp. is a Washington corporation with its principal place of business in Bellevue, Washington.

TD Bank

13.     Upon information and belief, TD Bank, N.A. is a national banking association with its principal place of business in Wilmington, Delaware.

14.     Upon information and belief, TD Banknorth, Inc. is a Delaware corporation with its principal place of business in Portland, Maine.

15.     Upon information and belief, TD Insurance, Inc. is a Maine corporation with its principal place of business in Portland, Maine.

U.S. Bancorp

16.     Upon information and belief, U.S. Bancorp is a Delaware corporation with its principal place of business in Minneapolis, Minnesota.

17.     Upon information and belief, U.S. Bank National Association is a national banking association with its principal place of business in Minneapolis, Minnesota.

18.     Upon information and belief, U.S. Bank National Association ND is a national banking association with its principal place of business in Fargo, North Dakota.

19.     Upon information and belief, U.S. Bancorp Investments, Inc. is a Delaware corporation with is principal place of business in Minneapolis, Minnesota.

20.    Upon information and belief, U.S. Bancorp Insurance Services, LLC is a Wisconsin limited liability corporation with its principal place of business in West Allis, Wisconsin.

21.    Upon information and belief, U.S. Bancorp Insurance Services of Montana, Inc. is a Montana corporation with its principal place of business in Minneapolis, Minnesota.

22.    Upon information and belief, U.S. Bancorp Insurance and Investments Inc. is a Wyoming corporation with is principal place of business in Minneapolis, Minnesota.

SunTrust

23.    Upon information and belief, SunTrust Banks, Inc. is a Georgia corporation with its principal place of business in Atlanta, Georgia.

24.    Upon information and belief, SunTrust Bank is a Georgia corporation with its principal place of business in Atlanta, Georgia.

25.    Upon information and belief, SunTrust Investment Services, Inc. is a Georgia corporation with its principal place of business in Atlanta, Georgia.

26.    Upon information and belief, SunTrust Insurance Services, Inc. is a Georgia corporation with its principal place of business in Atlanta, Georgia.

Compass Bancshares

27.    Upon information and belief, Compass Bancshares, Inc. is a Delaware corporation with its principal place of business in Birmingham, Alabama.

28.    Upon information and belief, Compass Bank is an Alabama corporation with its principal place of business in Birmingham, Alabama.

29.    Upon information and belief, BBVA Compass Insurance Agency, Inc. is a Texas corporation with its principal place of business in Birmingham, Alabama.

**First Claim for Patent Infringement**
**(infringement of the '434 patent)**

30.    Plaintiffs incorporate by reference each of the allegations in paragraphs 1 through 29 above and further allege as follows:

31.    The United States Patent and Trademark Office issued the '434 patent on November 16, 1999.  Attached as Exhibit A is a copy of the '434 patent.  Through assignment, Plaintiff Phoenix is the owner of all right, title, and interest in the '434 patent, including all rights to pursue and collect damages for past infringements of the patent.

32.    Defendants have infringed, contributed to the infringement, and induced others to infringe the '434 patent and, unless enjoined, will continue to do so, by manufacturing, importing, using, selling, or offering for sale products and services that infringe the claims of the '434 patent and by contributing to or inducing others to infringe the claims of the '434 patent without a license or permission from Plaintiffs.

33.    Plaintiffs have been damaged by Defendants' infringement of the '434 patent and will suffer additional irreparable damage and impairment of the value of its patent rights unless Defendants are enjoined from continuing to infringe the '434 patent.

34.    The Defendants are and have been willfully infringing one or more claims of the '434 patent.

35.    Plaintiffs are entitled to recover damages from the Defendants to compensate them for the infringement.

**Second Claim for Patent Infringement**
**(infringement of the '938 patent)**

36.     Plaintiffs incorporate by reference each of the allegations in paragraphs 1 through 29 above and further alleges as follows:

37.     The United States Patent and Trademark Office issued the '938 patent on February 14, 2006.  Attached as Exhibit B is a copy of the text of the '938 patent.  Through assignment, Plaintiff Phoenix is the owner of all right, title, and interest in the '938 patent, including all rights to pursue and collect damages for past infringements of the patent.

38.     Defendants have infringed, contributed to the infringement, and induced others to infringe the '938 patent and, unless enjoined, will continue to do so, by manufacturing, importing, using, selling, or offering for sale products and services that infringe the claims of the '938 patent and by contributing to or inducing others to infringe the claims of the '938 patent without a license or permission from Plaintiffs.

39.     Plaintiffs have been damaged by Defendants' infringement of the '938 patent and will suffer additional irreparable damage and impairment of the value of its patent rights unless Defendants are enjoined from continuing to infringe the '938 patent.

40.     The Defendants are and have been willfully infringing one or more claims of the '938 patent.

41.     Plaintiffs are entitled to recover damages from the Defendants to compensate them for the infringement.

42.     Plaintiffs demand trial by jury of all issues relating to these claims regarding the '434 and '938 patents.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs prays for judgment as follows:

A.    A decree preliminarily and permanently enjoining Defendants, their officers, directors, employees, agents, and all persons in active concert with them, from infringing, contributing to the infringement of, or inducing others to infringe, the '434 and '938 Patents;

B.    Compensatory damages for Defendants' infringement of the '434 and '938 Patents;

C.    Trebled damages as a consequence of Defendants' willful infringement;

D.    Costs of suit and attorneys' fees on the basis that this patent infringement case is exceptional;

E.    Pre-judgment interest; and

F.    All such other relief as justice requires.

| | |
|---|---|
| Date: February 25, 2010 | Respectfully Submitted,<br><br>/s/ Elizabeth L. DeRieux<br>S. Calvin Capshaw<br>State Bar No. 03783900<br>Elizabeth L. DeRieux<br>State Bar No. 05770585<br>Capshaw DeRieux, LLP<br>1127 Judson Road, Suite 220<br>P.O. Box 3999<br>Longview, Texas  75601-5157<br>Telephone:  (903) 236-9800<br>Facsimile: (903) 236-8787<br>E-mail: ccapshaw@capshawlaw.com<br>E-mail: ederieux@capshawlaw.com<br><br>Gregory Scott Dovel<br>CA State Bar No. 135387<br>Sean A. Luner<br>CA State Bar No. 165443<br>Dovel & Luner, LLP<br>201 Santa Monica Blvd., Suite 600<br>Santa Monica, CA 90401<br>Telephone: (310) 656-7066<br>Facsimile: (310) 656-7069<br>E-mail: greg@dovellaw.com<br>E-mail: sean@dovellaw.com<br><br>ATTORNEYS FOR PLAINTIFFS<br>PHOENIX LICENSING, L.L.C. and<br>LPL LICENSING, L.L.C. |